JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katrina Sanchez, doing business as Only The Strong Survive Foundation, a corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>Russell D. Redeaux, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:25-cv-04669-RGK-SSC<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

[X] is not able to pay the filing fees.    [ ] is able to pay the filing fees.

[ ] has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

[ ] The Request is GRANTED.

[ ] Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

[ ] The Request is DENIED because the filer has the ability to pay.

[X] As explained in the attached statement, the Request is DENIED because:

    [ ] The District Court lacks [ ] subject matter jurisdiction [ ] removal jurisdiction.
    [ ] The action is frivolous or malicious.
    [X] The action fails to state a claim upon which relief may be granted.
    [ ] The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

[ ] Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

[X] As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED [X] WITHOUT PREJUDICE [ ] WITH PREJUDICE.

[ ] This case is REMANDED to state court as explained in the attached statement.

05/23/2025
_____
Date

*/s/ Gary Klausner*
_____
United States District Judge

CV-73 (07/22)                 ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On May 22, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1-2.) Plaintiff, a pro se litigant, brings this action on behalf of a corporation, "Only the Strong Survive Foundation." (ECF No. 1 at 2.) Plaintiff alleges trademark infringement in violation of the Lanham Act. (Id.) The Defendants are the father of Plaintiff's son and a company in Mississippi. (Id. at 3.) Plaintiff alleges "willful bad faith infringement" involving Plaintiff's mark, "Only the Strong Survive." (Id. at 3, 8.) Plaintiff also alleges unfair competition and false advertising. (Id. at 9-12.) Plaintiff seeks injunctive relief as well as an order that Defendants withdraw their trademark application. (Id. at 13.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e) (2)(B). The Complaint fails to state a claim upon which relief may be granted.

An action must be dismissed for failure to state a claim when it is brought by a pro se litigant who "has no authority to prosecute an action in federal court on behalf of others than himself." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007) (affirming dismissal of action brought improperly by a pro se litigant in a representative capacity for failure to state a claim). Ms. Sanchez, a pro se litigant, may not bring this action on behalf of a corporation. See United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (pro se litigant may not represent a corporation) (citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")). Thus, the Complaint is dismissed for failure to state a claim.

Finally, given Ms. Sanchez's pro se status, leave to amend is not warranted. The Court will "decline to grant Plaintiff leave to amend because there are no set of facts which will enable Plaintiff to proceed on this claim in [her] pro se status. [The Court] dismiss[es] this action without prejudice to its re-filing should Plaintiff obtain counsel in the future." Simon v. Hartford Life, Inc., 2006 WL 8447990, at *3 (C.D. Cal. Aug. 1, 2006), affirmed, 546 F.3d 661, 667 (9th Cir. 2008); see also Joubert v. Brown Williamson Tobacco Corp., 466 F. App'x 588, 588 (9th Cir. 2012) (affirming dismissal of action without leave to amend where a pro se litigant attempted to pursue claims on behalf of others in a representative capacity). Thus, the Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.

*(attach additional pages if necessary)*